IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

In Re: Subpoena to Shell Law & Tax, LLC

**DEFENDANT'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENA DIRECTED TO SHELL LAW & TAX, LLC**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant, McCormick Motors, Inc. ("McCormick" or "Defendant"), by and through its attorney of record, and files this Motion to respectfully move the Court to Compel Production of Documents, requested via properly served subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure. In support thereof, Defendant respectfully submits the following:

**BACKGROUND**

1. This case arises out of a contractual dispute between McCormick Motors, Inc. ("Defendant" or "McCormick") and American Incentive Advisors ("AIA" or "Plaintiff"). Both parties executed an agreement under which AIA would determine McCormick's eligibility for the Employee Retention Tax Credit ("ERTC") and, if qualified, how much of the credit they would be entitled to claim.

2. As part of the services AIA was contractually required to perform, they retained, McCormick has now learned, third-party "professionals". In response to Defendant's initial discovery requests, AIA definitively identified Ms. Mandy Shell as one of those third parties. *See* Exhibit A, AIA's Response to McCormick's First Request for Interrogatories, pp. 4-8,

1

Interrogatories 4, 5, 6, 7, 10, 13, 15, 16, 17, specifically identifying Mandy Shell as the professional "who is licensed by the appropriate agencies" and "is a licensed public accountant who performed the analysis and prepared the documents."

3. After exchanging discovery, it became clear that Plaintiff has either failed to produce, or does not have possession of, documents which would be in the possession of Ms. Shell. These documents are material to the underlying matter.

4. Accordingly, on April 7, 2025, McCormick issued and executed, by and through its counsel, a Subpoena *Duces* Tecum for Mandy Shell of Shell Law & Tax. *See* Exhibit B, April 7, 2025 Non-Party Subpoena to Mandy Shell, Registered Agent of Shell Law & Tax, LLC. It was served through an official certified service entity to non-party, Mandy Shell, the listed registered agent for Shell Law & Tax, LLC. *See also* Exhibit C, Proof of Service.

5. Ms. Shell was commanded to produce responsive documents on or by April 21, 2025, fourteen (14) days after the service of the subpoena in accordance as required by Fed. R. Civ. P. 45(a)&(b).

6. On May 2, 2025, after the deadline to respond had passed, Ms. Shell sent an email confirming receipt of the subpoena and asked for an extension to produce records until May 31, 2025. Defendant, noting the 31st was a Saturday, agreed to extend until May 30, 2025. *See* Exhibit D.

7. On June 2, 2025, Defendant followed up with Ms. Shell for an update on the subpoena production and received no response. *See* Exhibit E.

8. On June 6, 2025, Defendant sent a second correspondence to Ms. Shell asking for compliance with the subpoena. *See* Exhibit F.

9. Ms. Shell has been unresponsive to all attempts.

## ARGUMENTS AND AUTHORITIES

10. Rule 45 governs subpoenas directed at non-parties. *See* Fed. R. Civ. P. 45; Peoples Nat'l Bank, N.A. v. Mehlman, 2016 WL 3268761, at *2 (E.D. Mo. June 7, 2016). A non-party may be compelled to produce documents under the Federal Rules of Civil Procedure, but "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). Non-parties are afforded "special protection against the time and expense of complying with subpoenas." *Misc. Dkt.* Matter No. 1 v. Misc. Dkt. Matter No. 2, 197 F.3d 922, 927 (8th Cir. 1999) (quoting Exxon Shipping Co. v. United States Dept. of Interior, 34 F.3d 774, 779 (9th Cir. 1994)).

11. Defendant's subpoena requested Ms. Shell produce specified documents, which are material and relevant to the issues in this case. *See* Exhibit B.[1]

12. Ms. Shell is the proper person to receive service for this subpoena[2] and should have anticipated such a request. AIA identified Ms. Shell as the licensed and certified "professional" who performed the analysis that served as the basis for Defendant's ERTC claim. Upon information and belief, Ms. Shell continues to have access and possession of the underlying documents and information used in her own analysis. *See* Exhibit A at pp. 6-7, AIA's Response to Interrogatory No. 13).

13. The requested documents have not been produced to Defendant by Plaintiff, and Plaintiff has indicated said documents are not in its custody or control.

14. Ms. Shell is the person whom "AIA retained…[t]o review prior year payroll tax returns and then prepare the necessary and allowable amended returns to claim tax credits and incentives

---

[1] The subpoena was attorney signed and issued in accordance with Fed. R. Civ. P. (a)(D)(3).
[2] Exhibit B.

for companies as allowed by law." *See* Exhibit A at p. 8, interrogatory 17). Defendant has no other way to obtain the necessary information which she possesses.

15. As of the date of this filing, Ms. Shell has produced nothing. No objections to the subpoena have been received, and the time frame to do so has long passed. *See* Fed. R. Civ. P. 45(d)(2)(B) ("A person commanded to produce documents or tangible things… may serve on the party or attorney designated in the subpoena a written objection… The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena was served.")

16. Ms. Shell received the subpoena on May 2, 2025, and had the opportunity to move this Court to quash the subpoena if she felt this request was overly broad or oppressive. *See State ex rel. Whitacre v. Ladd*, 701 S.W.2d 796 (Mo. Ct. App. 1985). Instead, Ms. Shell elected to <u>ignore it</u>.

17. This is particularly troubling because, according to the Missouri Bar Association and Ms. Shell's electronic mail signature block, Ms. Shell is a licensed, practicing attorney.[3] *See* Exhibit G, Missouri Lawyer Directory Detail.

18. Ms. Shell undoubtedly understands the significance and urgency of complying with a federal subpoena for all parties to efficiently progress in discovery. *See* Exhibit D. *See also* Fed. R. Civ. P. 45(e).

19. An order compelling Ms. Shell to comply with this subpoena is becoming more urgent by the day. Ms. Shell has ignored multiple communications from Defendant and the official website belonging to her business, Shell Law & Tax, located within the signature block of her email on May 2, 2025, is presently offline and expired. *See* Exhibit H, Shell Law & Tax Website.

---

[3] It should be noted that Ms. Shell was not acting, in any capacity, as legal counsel for Defendant and as such, no correspondence, communication or work product would be protected under attorney-client privilege. It does, however, create an ethical obligation to at least attempt to uphold and comply with the law to which she is privy.

20. Compelling compliance with this subpoena creates no undue burden. To claim so would be at odds with the fact that Ms. Shell was compensated for being central to determining whether or not McCormick could properly claim the credit. A request for documents could easily be anticipated.

21. Additionally, upon information and belief, Ms. Shell also regularly conducts business in the State of Texas and works in conjunction with AIA, which is located at 10800 Pecan Park Blvd., Suite 220, Austin, Texas, 78750.

22. As a result of Ms. Shell's failure to comply with the subpoena, McCormick has incurred legal fees associated with attempting to obtain the documents and drafting this motion. McCormick will continue to incur fees associated with its pursuit of compliance.

23. Defendant should be reimbursed those expenses.

24. Defendant engaged in a good faith effort to secure Ms. Shell's compliance before the filing of this Motion to Compel production of documents. Ms. Shell never raised objections, filed a motion to quash, voice concerns about the cost of compliance, and has generally stopped responding to attempts at contact altogether. However, counsel for Defendant has spent approximately twelve (12) hours researching and drafting this motion resulting in approximately $4,500.00 in fees. This does not consider the time and expense associated with filing, serving and any subsequent reply or hearing that follows.

25. As such, along with an order from this court compelling compliance, Defendant requests this Court order Ms. Shell to pay reasonable attorneys fees and costs.

## CONCLUSION

WHEREFORE PREMISES CONSIDERED, for the foregoing reasons, Defendant respectfully requests that this Court grant Defendant's Motion to Compel the production of

5

Case 4:25-mc-09009-FJG      Document 1      Filed 07/10/25      Page 5 of 6

documents within ten (10) days of issuing its order, for reasonable attorney's fees, and for such other and further relief as this court deem just and proper.

    Respectfully submitted,

    STUBBLEFIELD LAW, LLC

    By: \_\_\_/s/_____
    Kory D. Stubblefield
    Missouri Bar Number 58979
    Nicole D. Lindsey
    Missouri Bar Number 53492
    Audrey M. Pauls
    Missouri Bar Number 76842
    1903 E. Battlefield Road
    Springfield, MO 65804
    Telephone : 417-447-0697
    Fax : 417-447-0698
    kory@stubblefieldlawoffice.com
    nicole@stubblefieldlawoffice.com
    audrey@stubblefieldlawoffice.com
    ***ATTORNEY FOR DEFENDANT/COUNTERCLAIM PLAINTIFF MCCORMICK MOTORS, INC.***

**CERTIFICATE OF SERVICE**

    I hereby certify that on July 10, 2025, the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system and electronic mail.

W. Earl Touchstone
TX State Bar No. 20150500
LEWIS BRISBOIS BISGAARD & SMITH LLP
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
Earl.Touchstone@lewisbrisbois.com

***ATTORNEY FOR PLAINTIFF/
COUNTERCLAIM DEFENDANT
AMERICAN INCENTIVE ADVISORS LLC***

    */s/ Kory D. Stubblefield*